ON REHEARING
CIACCIO, Judge.
On August 27, 1986 George Williamson executed a purchase agreement to buy the building and equipment of the restaurant business located at 5538 Magazine Street. The business had been known as “The Friendly House Restaurant and Bar” and had been in operation for approximately 30 years.
After taking title to the property Williamson applied for alcoholic beverage permits on October 1, 1986. Before the application was acted upon a temporary moratorium ordinance was introduced in the City Council of New Orleans on October 16, 1986, and the ordinance was adopted, approved by the Mayor and became effective as Ordinance. No. 11, 461 MCS on October 29, 1986.
Because of the intervening moratorium ordinance Williamson’s alcoholic beverage permits were denied by the issuing agency, from which action he appealed to the Alcoholic Beverage Control Board. On March 11, 1987 the A.B.C. Board granted the appeal and the required alcoholic beverage permits were issued to Williamson on March 27, 1987.
On March 23, 1987 Williamson applied for a renovation permit to include electrical and plumbing work in connection with new air-conditioning, renovation of the rest rooms and handicap access, with no increase in size or occupancy. This renovation permit was denied by the Department of Safety and Permits on March 31, 1987, citing the moratorium ordinance as the basis for the denial. Williamson appealed for relief to the Board of Zoning Adjustments who declined to consider the matter at its meeting of May 11, 1987 because the ordinance vested appeal jurisdiction with the City Council. Williamson filed an appeal with the City Council, who referred it to the City Planning Commission for study and recommendation. The Planning Commission issued its written report to the City Council on June 23, 1987, and the Council conducted an open hearing on the moratorium appeal on August 11, 1987, at the conclusion of which, the Council voted to deny the appeal. Williamson then sued the City of New Orleans in the Civil District Court for mandamus or injunctive relief. An intervention was filed by The Historic Hurst-ville Association in opposition to plaintiff’s suit.
The case was tried on the pleadings, exhibits, stipulations and a transcript of the City Council hearing. The trial court denied plaintiff’s petition and upheld the ruling of the Council, from which ruling plaintiff appealed.
Plaintiff urges four assignments of error:
ASSIGNMENTS OF ERROR
A. The District Court erred in failing to address the issue of whether the renovation permit sought for Sidney’s is “relevant *1343 to the establishment of” a bar and restaurant for the purposes of Ordinance No. 11461.
B. The District Court erred in relying on statutory language which is inapplicable to the instant dispute in denying the plaintiff’s demands.
C. The District court erred in failing to address the constitutional issues raised by the plaintiff.
D. The District Court erred in failing to determine whether the City Council’s decision was based on sufficient and competent evidence.
We decline to address the constitutional issue as we find merit in the other assignments of error and, accordingly, reverse the judgment of the trial court.
FACTS
The parties agree, and there was no dispute at the Council hearing, of the existence of the following facts:
1) Sidney’s Restaurant is located at the southeast corner of Magazine and Joseph Streets.
2) The property is zoned B-2 Neighborhood Business District and a standard restaurant operation is a permitted use.
3) A restaurant with an accessory bar has previously operated at this location for 30 years.
4) The other three comers are occupied by a bar, a shopping center and an RTA bus bam.
5) Petitioner began operating a restaurant sometime in April, 1987 and was doing so on the date of the Council hearing.
ACTION OF THE TRIAL COURT
In his reasons for judgment the trial judge affirmed the action of the City Council on the following grounds: 1) The language of the ordinance applied to the renovation permit; 2) “Sidney’s” was not entitled to an exemption from the operation of the ordinance because Sidney’s was not in operation when the ordinance became effective in October, 1986; 3) The Council action was not palpably arbitrary and capricious and the Court should not substitute its judgment in the matter, relying upon the language of the Supreme Court found in Four States Realty Co., Inc. v. City of Baton Rouge, 309 So.2d 659 (La.1974).
THE ORDINANCE
Ordinance 11,461, MCS, the text of which is annexed hereto as Appendix A, states in pertinent part, as follows:
An Ordinance to establish a temporary moratorium on the issuance of permits relative to the establishment of bars, cocktail lounges, package liquor stores, grocery stores, or restaurants and the issuance or renewal of alcoholic beverage permits to persons who do not both hold a current valid alcoholic beverage permit and are also engaged in the commercial sale of alcoholic beverages at the permitted premises on the effective date of this ordinance; to provide that the moratorium shall apply only to person seeking the issuance or renewal of permits for premises located on lots abutting Magazine Street between Napoleon Avenue and Audubon Park; to repeal all conflicting ordinances; and to otherwise provide with respect thereto.
SECTION 1. THE COUNCIL OF THE CITY OF NEW ORLEANS HEREBY ORDAINS That no person shall be entitled to any permit relative to the establishment of bars, cocktail lounges, package liquor stores, grocery stores, or restaurants and that no person shall be entitled to the issuance or renewal of any municipal alcoholic beverage permit if such person does not both hold a current valid alcoholic beverage permit and is also engaged in the commercial sale of alcoholic beverages at the permitted premises on the effective date of this ordinance. The provisions of this Section shall apply only to persons seeking the issuance or renewal of permits for premises located on lots abutting Magazine Street between Napoleon Avenue and Audubon Park.
SECTION 2. That the provisions of Section 1 shall remain in effect until June *1344 30, 1987 or until the implementation of land use measures arising from the City Planning Commission’s updated study of the Magazine Street corridor requested by Resolution R-86-313, whichever is sooner.
The moratorium ordinance, by its clear, unambiguous language, only applies to permits for the establishment of a bar, cocktail lounge or restaurant and to the issuance or renewal of a municipal alcoholic beverage permit. The ordinance contains no language to prohibit the interior renovation of existing businesses.
Sidney’s possessed the requisite alcoholic beverage permits and occupational license and was operating as a going business when the appeal was filed and when it was heard by the City Council. Since petitioner was not seeking a permit to establish a bar, cocktail lounge or restaurant (it already existed) nor was he seeking the issuance of a municipal alcoholic beverage permit, (he already possessed them),[1] Ordinance No. 11461 M.C.S. did not apply to his renovation permit application and it was error for the City Council to deny the appeal and to refuse to approve the issuance of the permit.
REVIEW OF THE ACTION OF THE CITY COUNCIL
Assuming, arguendo, that the ordinance did apply, we find that the denial of Williamson’s appeal by the City Council was arbitrary and capricious and was not based on competent evidence but upon mere conjecture.
Section 3 of the ordinance grants to the City Council the prerogative to waive the provisions of the ordinance upon appeal by an aggrieved party. The ordinance spells out an orderly procedure involving referral of the waiver request to the City Planning Commission for study and written report, after which, the Council may grant the waiver with or without provisos. See Appendix A, Sec. 3. Appellant urges, and we agree, that the City Council, when considering the appeal of an individual property owner for a waiver of the restrictions of a temporary moratorium, is not acting in a legislative capacity but is acting in a quasi-judicial or administrative capacity. Because such action is not broad or general in scope and because the opportunity for favoritism or discriminatory treatment is easily directed towards an individual supplicant, the standard of review in such matters differs from that which is usually accorded to legislative decisions, and for that reason the trial judge erred in relying upon Four States Realty, Inc., supra.
Four States involved an attack upon the action of the City Council of Baton Rouge in re-zoning a parcel of ground in downtown Baton Rouge. The trial judge correctly cited, from that case, the principles of law. Actions of legislative bodies should not be set aside unless they are “palpably arbitrary and capricious” and “because legislative action is a manisfestation of the will of the people, every presumption of law and fact must be indulged.” That language, although correct, is found in the original opinion. On rehearing, the Supreme Court found the re-zoning to be arbitrary and capricious and vacated the action of the Baton Rouge council.
The New Orleans City Council would be entitled to the usual legislative presumptions and standard of review if its action in adopting the moratorium ordinance were under attack. That is not the issue before us. The Council could have delegated the appeal process and the waiver authority to the Board of Zoning Adjustments which already has waiver authority under the City Charter. By reserving the appeal process and waiver powers to itself the Council subjects itself to the same judicial scrutiny and standard of review as would apply to any other quasi-judicial or administrative agency, i.e., its action must be based upon sufficient and competent evidence. See Lakeshore Property Owners Ass’n v. City of New Orleans, Zoning Board of Appeal and Adjustments, 481 So.2d 162, 167 (La. *1345 App. 4th Cir.1985), writ denied 484 So.2d 674 (La.1986).
The record of the Council proceedings shows that the City Planning Commission, after a thorough study and evaluation, rendered a written report that recommended approval of the renovation permit after finding that the waiver request met all the requirements of the ordinance, and would not adversely impact the public health, safety and welfare of persons in the neighborhood.
The report suggested that approval be subject to two provisos:
1. Pood service to be maintained continually during all business hours (opening to closing).
2. No seating or signage permitted on the sidewalk.
At the Council hearing the representative of the Planning Commission testified in accordance with the report, and petitioner stated his willingness to accept the provisos as part of the waiver.
No evidence to the contrary was presented at the Council hearing, only speculation as to anticipated future activities, specifically, that the renovations might facilitate the use of the premises by college students, that business would increase and that the neighborhood would be adversely impacted.
If the appeal process is to be meaningful, the Council must justify its action upon some factual basis, whether it be reports, verbal statements, or sworn testimony. Absent a record containing a factual basis for its actions, and in the face of overwhelming contrary evidence, the City Council had no legal or factual basis on which to deny petitioner’s appeal and the trial court was in error when it sustained the Council’s action on the grounds that its action was not “palpably arbitrary and capricious.”
For the foregoing reasons, the judgment of the trial court is reversed.
We order that plaintiff’s petition for mandamus be granted, and, accordingly,
IT IS ORDERED that the Department of Safety and Permits of the City of New Orleans issue to George Williamson a permit for renovation to the property located at 5538 Magazine Street, New Orleans, Louisiana as set forth in application No. B-75119 dated March 23, 1987.
IT IS FURTHER ORDERED that petitioner, George Williamson, d/b/a Sidney’s Restaurant, shall accept said permit subject to the provisos that 1) Food service shall be maintained continually during all business hours (opening to closing); 2) No seating or signage shall be permitted on the sidewalk.
IT IS FURTHER ORDERED that any violation of the above provisos shall subject George Williamson to punishment for contempt of court, in addition to any other remedies provided by law.
IT IS FURTHER ORDERED that all costs in the trial court and of this appeal be assessed against appellees.
JUDGMENT REVERSED MANDAMUS GRANTED.
*1346 APPENDIX A
[[Image here]]
*1347 [[Image here]]
*1348 [[Image here]]

. The issue of the validity of the alcoholic beverage permits is the subject of other pending litigation, but that issue is not before us in these proceedings and we express no opinion herein.